[No. 19282.    Department One.—November 25, 1893.]

THE ELECTRIC LIGHT AND POWER CO., APPELLANT, *v.* THE CITY OF SAN BERNARDINO, RESPONDENT.

MUNICIPAL CORPORATIONS—CONTRACT FOR LIGHTING OF STREETS—"STREET WORK"—LOWEST, BIDDER—STATUTORY CONSTRUCTION.—The lighting of the streets of a city under contract with it, by means of arc electric lights suspended at a considerable height above the intersection of streets from wires which are supported by wooden masts, does not come within the term "street work" as used in section 777 of the Municipal Corporation Act as amended in 1889 (Stats. 1889, p. 51), which requires that "all street and sewer work" or the furnishing of supplies or materials for the same must be let to the lowest bidder, when the expenditure required exceeds one hundred dollars.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Harris & Gregg*, for Appellant.

The lighting of the streets is no part of what is termed "street work" as used in the Municipal Corporation Act. (See Municipal Corp. Act, sec. 777; Civ. Code, secs. 13, 1644; *People* v. *Flagg*, 17 N. Y. 584.) As the contract has been executed, and the corporation has received the benefit of it, the law imposes an estoppel, and will not permit the validity of the contract to be questioned. (*Chicago* v. *Cameron*, 120 Ill. 447; Dillon's Municipal Corporations, 4th ed., p. 649; *McLean* v. *Council of Brantford*, 16 U. C. Q. B. 347; *Wingate* v. *Enniskillen Oil R. Co.*, 14 U. C. C. P. 379; *Mayor etc.* v. *Hardwick, L. R.*, 9 Exch. 13; *Austin* v. *Guardians etc. L. R.*, 9 C. P. 91; *McGuire* v. *Rapids City*, 6 Dak. 346; *Portland Lumbering etc. Co.* v. *City of East Portland*, 18 Or. 21.) The defendant is, however, certainly liable under all the circumstances of this case to pay for the value of the light used by it during the months of July, August and September, 1892, as upon a *quantum meruit*, as the light was necessary for the proper police safety and government of the city. (*San Francisco Gas Co.* v. *San Fran-*

*cisco,* 9 Cal. 453, cited and approved in *Pixley* v. *Western etc. R. R. Co.,* 33 Cal. 199; 91 Am. Dec. 623; *Carey* v. *P. & C. Petroleum Co.,* 33 Cal. 696; *Argenti* v. *San Francisco,* 16 Cal. 267; *State* v. *McNamara,* 3 Nev. 70. See, also, *Clark* v. *United States,* 95 U. S. 539; *Seagraves* v. *City of Alton,* 13 Ill. 366.) The obligation to do justice rests upon all persons, and if a municipality obtains the property of another without authority the law will compel restitution or compensation. (*Marsh* v. *Fulton Co.,* 10 Wall. 676, 684; *Louisiana* v. *Wood,* 102 U. S. 294; *Chapman* v. *Douglas Co.,* 107 U. S. 348; *Mayor etc.* v. *Ray,* 19 Wall. 468; *Burrill* v. *Boston,* 2 Cliff. 590; *Hitchcock* v. *Galveston,* 96 U. S. 341; *Clark* v. *Saline Co.,* 9 Neb. 516; *Wheeler* v. *Chicago,* 24 Ill. 105; 76 Am. Dec. 736; *Board of Supervisors* v. *Springfield,* 63 Ill. 66; *Moore* v. *Mayor etc.,* 73 N. Y. 238; 29 Am. Rep. 134; *Lemington* v. *Blodgett,* 37 Vt. 215; *Carey* v. *East Saginaw,* 79 Mich. 73; *Hackettstown* v. *Swackhamer,* 37 N. J. L. 191; *Bartlett* v. *Amherstburgh,* 14 U. C. Q. B. 152; *Allegheny City* v. *McClurkan,* 14 Pa. St. 81; 15 Am. & Eng. Ency. of Law, 1083, note 1, and cases cited.)

*Wm. Gird,* and *John Brown, Jr.,* for Respondent.

The contract was clearly one for the "furnishing" of "supplies" or "materials" for use in connection with the city streets. (See Municipal Corporation Act, sec. 777; *Zottman* v. *San Francisco,* 20 Cal. 97; 81 Am. Dec. 96; *Murphy* v. *Napa County,* 20 Cal. 497; *French* v. *Teschemaker,* 24 Cal. 518; *Herzo* v. *San Francisco,* 33 Cal. 134; *Nicolson Pav. Co.* v. *Painter,* 35 Cal. 699; *McCoy* v. *Briant,* 53 Cal. 248; *Daly* v. *San Francisco,* 72 Cal. 154; *Winn* v. *Shaw,* 87 Cal. 631; *Rowe* v. *Kern Co.,* 72 Cal. 353; 15 Am. & Ency. of Law. 1086, sec. 3, and notes; *McDonald* v. *New York,* 68 N. Y. 23; 23 Am. Rep. 144; *Detroit* v. *Robinson,* 38 Mich. 108; *Bigler* v. *Mayor of New York,* 5 Abb. N. C. 51; *Detroit* v. *Michigan Pav. Co.,* 36 Mich. 335; *Davenport* v. *Kleinschmidt,* 6 Mont. 502; Cooley Const. Lim., 5th ed., pp. 233-35, and notes; 1 Beach on Public Corporations, secs. 625, 627, 628.)

Conceding that a municipal corporation may in some cases become liable on the ground of an implied contract for benefits received, and without a contract previously made in the manner prescribed by law, still the power to ratify presupposes power and authority to make the contract originally in the same manner as the ratification. (*Zottman* v. *San Francisco*, 20 Cal. 97; 81 Am. Dec. 96.)

GAROUTTE, J.—The plaintiff in this case is the Electric Light and Power Company, a corporation organized in this State, and the defendant is the city of San Bernardino, a municipal corporation of the fifth class. The plaintiff entered into an express contract for lighting the streets of the city of San Bernardino for one year following the first day of October, 1891, with forty-two electric lamps. The city agreed to pay therefor the sum of five hundred and forty-six dollars per month. The contract was fully complied with on the part of the plaintiff, and the defendant made payments on the contract for all the months except July, August, and September, 1892. The respondent refused to pay for lighting the city during these last-named months, and this action is brought to recover the contract price, amounting to sixteen hundred and thirty-eight dollars. In answer to plaintiff's complaint the defendant alleges that the lighting of the city was done under the contract set forth, but asserts that the contract was unauthorized in that it was not let pursuant to any notice or advertisement for bids for lighting the city, and that no advertisement inviting bids for the lighting of the city was ever given by the board of trustees of said city. At the close of plaintiff's case the defendant moved for judgment of nonsuit on the grounds specified in his answer, and the court granted the motion, and ordered judgment for defendant. This appeal is prosecuted from such judgment.

The merits of this appeal are determined by the construction given section 777 of the Municipal Corporation

Act, as amended by the Statutes of 1891, p. 51.   That
portion of the section to which it is necessary that we
direct our attention is as follows: "In the erection, im-
provement and repair of all public buildings and works,
in all street and sewer work, and in all work in or
about streams, bays or water-fronts, or in or about em-
bankments or other works for protection against over-
flow, and in furnishing any supplies or materials for
the same, when the expenditure required for the same
exceeds the sum of one hundred dollars, the same shall
be done by contract, and shall be let to the lowest re-
sponsible bidder after notice by publication in a news-
paper of general circulation." . . . .

The city was lighted by plaintiff, as shown by the
testimony, by arc electric lights, suspended at a consid-
erable height above the intersection of the streets from
wires, which wires were supported by wooden masts.
Does the lighting of streets as here described come
with the term " street work," as used in the foregoing
provision of the statute?   We are satisfied that it does
not, and to give it such a meaning would demand a
construction of the statute entirely unjustifiable by its
language.   "Street work" is a phrase of common usage,
and has a well-defined signification.   The words mean
exactly what they indicate upon their face, namely, work
upon a street—work in repairing or making a street.
The phrase is found in the decisions of this court and
in the statutes of the state times without number, and
its construction as indicated, to our knowledge, has
never been questioned.   The parties, plaintiff and de-
fendant, entered into an express contract; the plaintiff
furnished the light at the time and upon the terms
demanded by the contract, and the city now refuses to
pay the balance due under its contract, upon the ground
that notice was not given in the newspapers, and bids
requested.   Such being the status of the case, it cer-
tainly is not demanded of us that doubtful construc-
tions, even if this provision gave occasion for them,
should be resolved in favor of the defendant.   The pro-

vision fairly construed by all rules of construction does not bring the subject of this litigation within the term "street work," as used in the statute.

There can be no question as to the sound policy of a law requiring municipal corporations to enter into contracts, for the payment of money, only after full notice and opportunity for competition; but that is not a matter for our consideration here. We must take the statute as we find it. We can neither add to it nor subtract from it. It is our duty alone to construe it as it stands enacted.

For the foregoing reasons it is ordered that the judgment be reversed and the cause remanded, with directions to the trial court to enter judgment for the plaintiff upon the pleadings.

PATERSON, J., and HARRISON, J., concurred.