[Civ. No. 8780. First Appellate District, Division Two.—February 28, 1933.]

EARL P. CUTTING, Respondent, v. HOWARD M. McKINLEY et al., Appellants.

John J. O'Toole, City Attorney, and Harry K. Wolff for Appellants.

John D. Dailey for Respondent.

SPENCE, J.—This is an appeal from a judgment of the trial court directing that a peremptory writ of mandate issue commanding the members of the civil service commission of the city and county of San Francisco to approve the pay-roll submitted to them in so far as it affected the salary of petitioner.

In this. opinion we will refer to respondents in the trial court as appellants and to the petitioner in the trial court as respondent. The essential facts are not in dispute. Respondent had been employed continuously by the city and county of San Francisco as a draftsman for about ten years next preceding January 8, 1932, the date upon which the new charter of said city and county of San Francisco became effective. All of his work pertained to the Hetch Hetchy project and was performed in part outside of the city and county and in part within the city and county. Section 11 of article XIII of the former charter of said city and county (said article relating to civil service) provides: "The provisions of this article shall apply to the following offices and departments of the city and county. The County Clerk, the Assessor . . . the Board of Public Works . . . but the following deputies, clerks and employees in said offices and departments shall be exempted therefrom: the chief deputy of the county clerk . . . *persons employed on public works outside the city and county.*" (Italics ours.) Section 142 of the new charter made no such exemption but provided in part as follows: "Where existing positions that have heretofore been exempt from civil service examinations are now made subject to examination by this charter, the incumbents of such positions who have held such positions for a period of one year continuously next preceding the time that this charter shall go into effect, shall be continued in their positions as if appointed thereto after examination and certification from a list of eligibles and shall be governed thereafter by the provisions of this charter."

■ Both respondent and appellants concede that the only question involved on this appeal is whether the trial court properly concluded that the position held by respondent was one exempted from the classified civil service by the

provisions of said section 11 of article XIII of the former charter, for if said position was exempted thereby it is conceded that respondent was blanketed in by the provisions of said section 142 of the new charter and was entitled to the writ. The determination of this question involves the construction of the clause exempting "persons employed on public works outside the city and county". The respondent contends that any person who was employed on public works which public works were located outside the city and county was exempted by said section regardless of the place where the work of such employee was actually performed. In our opinion the trial court was correct in adopting respondent's contention. It will be noted that the term "public works" is used and that said term immediately precedes the clause "outside the city and county". There is no doubt that the term "public works" means "all fixed works constructed for public use" (*State* v. *A. H. Read Co.*, 33 Wyo. 387 [240 Pac. 208]), and we believe that the clause "outside the city and county" relates to the location of such projects rather than to the place of performance of the employees' work on such projects. Grammatical rules bear out this construction. In the recent case of *State* v. *Anderson,* 92 Mont. 313 [13 Pac. (2d) 231], at page 233, we find the following: "The grammatical construction of a sentence is an aid to its interpretation, and, in the absence of a clear intention, as disclosed by the text, to give to the act a meaning contrary to that disclosed by an analysis of the sentence from a grammatical standpoint, we must elicit the intention of the Legislature from the expressions employed, 'calling to our aid the ordinary rules of grammar'. *Jay* v. *School District,* 24 Mont. 219 [61 Pac. 250, 252]. Thus the rules of grammar become rules of law, and this court has said: 'It is a rule of law as old as the law itself, that a relative clause shall be construed to relate to the nearest antecedent that will make sense. . . . Qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote, unless such extension is clearly required by a consideration of the entire act.' *State* v. *Centennial Brewing Co.,* 55 Mont. 500 [179 Pac. 296, 298]."

We find nothing in the charter indicating or requiring a different construction and we are not impressed with appel-

lants' argument to the effect that such construction would lead to absurd results. Counsel for appellants construes said phrase as though it read "persons *employed outside the city and county* on public works", but we do not believe that this construction is justified.

The judgment is affirmed.

Nourse, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1933.