[S. F. No. 15068.   In Bank.—July 27, 1934.]

LAWRENCE J. ARCHER, Respondent, v. CIVIL SER-
VICE COMMISSION OF SAN FRANCISCO, etc.,
et al., Appellants.

John J. O'Toole, City Attorney, and Thos. P. Slevin,
Deputy City Attorney, for Appellants.

Leo A. Cunningham and John J. Dailey for Respondent.

THE COURT.—This is an appeal from a judgment of the
superior court, on petition for writ of mandate, ordering

defendant Civil Service Commission to restore petitioner to his employment and to approve his claim for salary.

Petitioner, in February, 1927, was employed by the city and county of San Francisco in the bureau of engineering of the board of public works, in the capacity of engineering draftsman. His work consisted chiefly of preparing plans, specifications, estimates and other engineering data for use in connection with the construction and maintenance of the San Francisco airport. He worked under the direction of the city engineer, but the bulk of his time was spent at the airport, which is located in San Mateo County, outside the boundaries of the city and county of San Francisco. On January 8, 1932, the new charter of the city and county went into effect, and the airport work was, under its terms, transferred to the public utilities commission. On May 25, 1932, petitioner's name was stricken from the civil service eligible lists on the ground that he had not been a resident of the city and county for more than a year prior to the taking of his examinations. ■ Petitioner now concedes that he does not fulfill such residence requirement, and grounds his claim upon certain special provisions of the old and new charters. Article XIII, section 11, subdivision A of the former charter provided that city and county employees employed on public works outside the city and county were not subject to the civil service requirements. Section 142 of the new charter provides: "Where existing positions that have heretofore been exempt from civil service examinations are now made subject to examination by this charter, the incumbents of such positions who have held such positions for a period of one year continuously next preceding the time that this charter shall go into effect, shall be continued in their positions as if appointed thereto after examination and certification from a list of eligibles and shall be governed thereafter by the provisions of this charter." Petitioner, for more than a year prior to the going into effect of the new charter, held a position on a public works project located outside the city, and hence was undoubtedly "blanketed" into the position under the above charter provision, without examination. This was the finding of the court below, and it is clearly correct. The case of *Cutting* v. *McKinley*, 130 Cal. App. 136 [19 Pac. (2d) 507], is directly in point.

It is contended by appellant Civil Service Commission that section 125 of the new charter constitutes an exception to the provisions of section 142, and deprives petitioner of his status. Section 125 provides that employees of the municipal airport shall, subject to the approval of the public utilities commission, "be appointed by and hold office at the pleasure of the manager of utilities". But the evidence shows and the court found that petitioner was an employee of the bureau of engineering of the department of public works. The fact that his engineering work was centered mainly on the airport did not change the character of his employment. He remained a member of the engineering staff, subject to transfer from the airport to any other public works project.

The judgment is affirmed.