[Civ. No. 2519.   Fourth Appellate District.—March 29, 1940.]

ELMER E. E. SWANTON, Appellant, v. GRANT W. CORBY, as Mayor, etc., et al., Respondents.

Cecil L. Lacy for Appellant.

William R. Elam and Dunn & Sturgeon for Respondents.

MARKS, J.—Plaintiff, an elector and taxpayer of the city of Arcadia, brought this action to recover from defendants, except the city, and have paid into the city treasury, money expended for labor and materials used in the erection of a two-way short wave radio for use by the city police. Demurrers to the complaint were sustained without leave to amend. This appeal is taken from the judgments thereafter entered in favor of the demurring defendants.

Arcadia is a city of the sixth class. The individual defendants are officers of the city, merchants who supplied materials for, and laborers who erected the radio.

The city did not advertise for bids for the materials and labor used in the radio, but purchased the materials in the open market. Separate demands were filed, allowed and paid for each item. The smallest bill for supplies was $8.16 for miscellaneous ropes and pulleys, and the largest $375 for high frequency transmitter and frequency meter monitor. Two bills for labor, one for $8 and one for $78 were paid. There was one bill for $14.42 for labor and materials. The first bill is dated November 4, 1936, and the last February 16, 1937. The completed radio cost $902.46. There is no allegation of any fraud or dishonesty in any of the contracts nor that an excessive price was paid for any of the materials or labor.

The sole question presented is whether or not under section 874 of the Municipal Corporation Act (Stats. 1883, p. 93, as amended, Stats. 1933, p. 1334) the city was required to advertise for bids for the materials and labor used in building the radio. That section contains the following:

"In the erection, improvement, and repair of all public buildings and works, in all street and sewer work, and in all work in or about streams, bays, or water fronts, or in or about embankments, or other works for protection against overflow, and in furnishing any supplies or materials for the same, when the expenditures required for the same exceed the sum of five hundred dollars, the same shall be done by contract, and shall be let to the lowest responsible bidder, after notice. . . . ''

It is clear that the only possible classification that could include the material and labor here involved is the first phrase which concerns itself with the "erection . . . of all public . . . works''.

It is well settled in California that a municipality may purchase supplies and materials and hire labor without advertising for bids if the law or charter under which it is organized and exists does not require the contract for such supplies, materials or labor to be let to the lowest bidder after advertising for bids. (*Electric etc. Co.* v. *San Bernardino,* 100 Cal. 348 [34 Pac. 819]; *Sarver* v. *Los Angeles,* 156 Cal. 187 [103 Pac. 917]; *Perry* v. *City of Los Angeles,* 157 Cal. 146 [106 Pac. 410].) In the last-cited case the Supreme Court was considering provisions of the charter of Los Angeles somewhat similar in effect to the statute we are here considering. It was there said:

"By other provisions of sections 148 and 207 of the charter, a 'contract' involving an expenditure of not exceeding five hundred dollars is excepted from the requirements of being in writing and being let only after notice inviting bids. The charter provisions taken together undoubtedly require that wherever it is proposed to make an agreement for the purchase of certain materials or supplies for a sum exceeding five hundred dollars, or to make an agreement with another by which he is to furnish such labor for a sum of money exceeding five hundred dollars, a written contract must be let and entered into in the manner prescribed. But do they require anything else? We are of the opinion that they do not, and are satisfied that they should not be construed as prohibiting the doing of public work by the city itself by day's labor." (See, also, *Warren Brothers Co.* v. *Boyle,* 42 Cal. App. 246 [183 Pac. 706]; *Miller* v. *Boyle,* 43 Cal. App. 39 [184 Pac. 421].)

■ The decisions defining what are public works are considered in 22 California Jurisprudence, page 74, where it is said:

"The term 'public works' may be said to embrace all fixed works constructed for public use or protection. However, as has been remarked, the question as to what works fall within this classification seems to be, so far as the decisions are concerned, one of construction and application of statutes. In view of the acts authorizing public improvements the term probably includes bridges, waterworks, sewers, light and power plants, public buildings, wharves, breakwaters, jetties, seawalls, schoolhouses and street improvements. And the term 'building' as used in such an act has been held to include a fence to be constructed around public property." (See, also, *Cutting* v. *McKinley*, 130 Cal. App. 136 [19 Pac. (2d) 507].)

It is not alleged that the radio was installed in the erection, improvement or repair of any public building. We think from the allegations of the complaint that it more nearly resembles a furnishing in a public building and comes within the rule announced in *Sarver* v. *Los Angeles, supra*, where it was held that steel cells and tanks installed in a jail after the building was completed were in the nature of furnishings for the building that could be purchased without advertising for bids and without letting a contract, even though the cost was more than $500. We therefore conclude that the words public works, as used in section 874 of the Municipal Corporation Act, should not be held to include a two-way short wave radio erected for the exclusive use by the Arcadia police department.

Further, section 862.2 of the Municipal Corporation Act gives to a city council of a city of the sixth class power "To purchase . . . such . . . personal property as may be necessary or proper for municipal purposes . . . " This section apparently gives to the city council power to purchase furniture and furnishings for a building. It must be construed with section 874 of the same act so that the two may be brought into harmony. As far as we have been able to ascertain, furniture and furnishings have never been held to be "public works". Certainly under the common and generally accepted definitions of the terms the furniture and furnishings of a building would not be construed as

the public works of a city. As far as we are concerned here, only contracts for public works costing more than $500 need to be let after advertising for bids. By necessary inference the personal property to be used in the construction of the two-way short wave radio may be purchased and the labor to construct it may be hired without the necessity for advertising for bids.

■ Whether or not the radio here involved was a necessary or proper appliance to be furnished to the police department was a matter within the discretion of the city council and that question having been decided by that body, there is nothing left for court decision on it. No item of expense in connection with the installation of the radio equaled $500. Its total cost was $902.46, which was spread over a period of more than three months. We find no provision in the Municipal Corporation Act that would prohibit the purchase of the materials and payment for the labor used in erecting the radio by the City Council of Arcadia, that body having determined the radio to be necessary for municipal use.

It follows that the complaint failed to state a cause of action and the demurrers to it were properly sustained.

The judgments are affirmed.

Barnard, P. J., and Griffin, J., concurred.