[No. 5312.   Decided February 9, 1905.]

E. L. TANNER, *Appellant,* v. TOWN OF AUBURN *et al.,*
*Respondents.*[1]

MUNICIPAL CORPORATIONS—CONTRACTS—LIGHTING STREETS—NE-
CESSITY OF ADVERTISING FOR BIDS. A contract to furnish a town
with electricity for street lighting purposes is not a contract for
the erection or improvement of a public work, nor for "street
work" within Laws 1903, p. 33, requiring such contracts to be
submitted to competitive bidding.

SAME—CONTRACTS—EXTENDING BEYOND EXPIRATION OF TERM
OF OFFICE. The mayor and council of a town may contract for
lighting the streets for a period of time extending beyond the
expiration of their terms of office.

Appeal from a judgment of the superior court for King
county, Bell J., entered April 13, 1904, upon findings in
favor of the defendants, after a trial on the merits before
the court without a jury, dismissing an action to enjoin the
execution of a municipal contract. Affirmed.

. *Tucker & Hyland,* for appellant.

*Piles, Donworth & Howe, Elmer E. Todd* and *I. B.
Knickerbocker,* for respondents.

RUDKIN, J.—On the 5th day of May, 1903, the town of
Auburn, through its mayor and town council, entered into
a contract with the Puget Sound Electric Railway, under
which the Puget Sound Electric Railway agreed to furnish
said town with electric lights, for lighting the streets and
public places of the town, for a term of three years from
October 1, 1903. This action was commenced by the
plaintiff, as a taxpayer of the town, to restrain the Puget
Sound Electric Railway, the town, and its officers, from
carrying out the terms of the contract. The court below

1Reported in 79 Pac. 494.

dismissed the action, and from its judgment an appeal is taken.

The appellant claims that the contract above set forth is void for two reasons: (1) because the contract was not let to the lowest bidder after notice, as required by the act of March 4, 1903, Laws 1903, p. 33; and (2) because the contract extended beyond the term of office of the officers letting and executing the same.

(1)   The above act, so far as material to the question now under consideration, is as follows:

"In the erection, improvement and repair of all public buildings and works, in all street and sewer work, and in all work in or about streams, bays or water fronts or in or about embankments, or other works for protection against overflow and in furnishing any supplies or materials for the same, when the expenditure required for the same exceeds the sum of five hundred dollars, the same shall be done by contract and shall be let to the lowest responsible bidder, after due notice, under such regulations as may be prescribed by ordinance."

The appellant relies on the decision of this court in the case of *State* v. *Pullman,* 23 Wash. 583, 63 Pac. 265, 83 Am. St. 836.   In that case,

"The regents of the Agricultural College, Experiment Station and School of Sciences of the state of Washington entered into a contract with the city of Pullman, through its mayor, that the college or the state would construct a reservoir on a point of land in the rear of the college, of 250,000 gallons capacity, lay a six-inch main therefrom to connect with the town pump of the city of Pullman, give to the town the use of said reservoir and pipe, and also give to the town the right to buy the said main at actual cost of laying the same, a certain monthly stipend for pumping the water for the use of the college, and a certain number of cents per gallon for water used for irrigation.   At the end of the term for which the contract ran, the city refused to buy the plant, and this action was brought by the state

to recover the value thereof, which was alleged to be $2,-171.36."

It can readily be seen that the contract in that case was, in substance and effect, a contract for a public work, and came directly within the prohibition of the statute in force at that time. We do not think, however, that a contract for lighting the streets and public places of the town can, in any just sense of the term, be designated as a contract for the erection, improvement, or repair of a public building or work, or as street or sewer work, as defined by the act in question. This precise question was before the supreme court of California in the case of *Electric Light & Power Co.* v. *San Bernardino,* 100 Cal. 348, 34 Pac. 819. The court in that case says:

"Does the lighting of streets, as here described, come within the term 'street work,' as used in the foregoing provision of the statute? We are satisfied that it does not, and to give such a meaning would demand a construction of the statute entirely unjustifiable by its language. 'Street work' is a phrase of common usage, and has a well-defined signification. The words mean exactly what they indicate upon their face, namely, work upon a street—work in repairing or making a street. The phrase is found in the decisions of this court, and in the statutes of the state, times without number, and its construction as indicated, to our knowledge, has never been questioned. The parties plaintiff and defendant entered into an express contract. The plaintiff furnished the light at the time and upon the terms demanded by the contract, and the city now refuses to pay the balance due under its contract, upon the ground that notice was not given in the newspapers and·bids requested. Such being the status of the case, it certainly is not demanded of us that doubtful constructions, even if this provision gave occasion for them, should be resolved in favor of the defendant. The provision, fairly construed by all rules of construction, does not bring the subject of this litigation within the term 'street work,' as used in the statute.

"There can be no question as to the sound policy of a law requiring municipal corporations to enter into contracts for the payment of money only after full notice and opportunity for competition; but that is not a matter for our consideration here. We must take the statute as we find it. We can neither add to it nor substract from it. It is our duty alone to construe it as it stands enacted."

For these reasons we think that the first objection to the validity of the contract is not well taken.

(2) The power of a town council to enter into a contract for light, for a period of three years and beyond the term of office of the officers executing the contract, cannot be questioned at this day, in the absence of some constitutional or statutory prohibition. In *Townsend Gas etc. Co.* v. *Port Townsend,* 19 Wash. 407, 53 Pac. 551, a five-year lighting contract was upheld by this court, under a similar charter provision, but the question here presented does not appear to have been raised or passed upon. See, also, *Atlantic City Water Works* v. *Atlantic City,* 48 N. J. L. 378, 6 Atl. 24; *Vincennes* v. *Citizens' Light & Coke Co.,* 132 Ind. 114, 31 N. E. 573, 16 L. R. A. 485; *Walla Walla* v. *Walla Walla Water Co.,* 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341. The fact that the contract extended beyond the term of the officers executing the same is not material. *Taylor* v. *School District,* 16 Wash. 365, 47 Pac. 758; *Splaine* v. *School District,* 20 Wash. 74, 54 Pac. 766.

The contract in question is not void for any of the reasons stated, and the judgment of the court below is therefore affirmed.

MOUNT, C. J., DUNBAR, HADLEY, and FULLERTON, JJ., concur.

ROOT and CROW, JJ., took no part.