THE ATLANTIC GAS AND WATER COMPANY v. ATLANTIC CITY ET AL.

Argued February 26, 1906—Decided June 11, 1906.

The action of a municipal council clearly in the interest of the taxpayers will not be set aside upon a doubtful point of procedure at the suit of a prosecutor who has suffered no special injuries of which he can be heard to complain.

On *certiorari.*

Before Justices GARRISON, GARRETSON and SWAYZE.

For the prosecutor, *Clarence L. Cole.*

For the defendants, *Harry Wootton, John C. Reed* and *George A. Bourgeois.*

The opinion of the court was delivered by

GARRISON, J. This *certiorari* is brought to review a resolution of the city council of Atlantic City awarding a yearly contract for street lighting to the Consumers' Gas and Light Company. The contract itself has not yet been made. The prosecutor was an unsuccessful bidder for this contract, and is also a taxpayer in the city.

The first reason filed for setting aside the award is that it is for more than $500 and no plans or specifications were prepared for such lighting in conformity with section 1 of a supplement to an act entitled "An act relating to, regulating and providing for the government of cities." *Pamph. L.* 1905, *p.* 50. The provisions of this supplement are applicable to such cities only as have or thereafter may adopt the act to which it is a supplement. There is nothing in the return or in the proofs to show that the act in question has ever been adopted by Atlantic City. The defendant does not make this point, but contends that the term "public works" used in this

supplement does not apply to a lighting contract. If the question can be deemed to be before us, that is our construction of the supplement of 1905.

The second reason is that the notice inviting sealed proposals and designating the character of light was not given in two newspapers for ten days. This reason falls with the first. As a matter of fact, the required notice was given, excepting that the character of light was not designated, which was not required if the city was not obliged to advertise at all.

The third reason, which is that the proposals were uncertain, follows the course of the preceding ones.

The fourth and last reason is, because no ordinance had been passed by Atlantic City to provide for the lighting of streets in conformity with section 14 of "An act relating to, regulating and providing for the government of cities." *Pamph. L.* 1902, *p.* 284. The first section of this act is that all cities that may adopt the provisions of this act shall be charged with "the duties herein set forth."

There is nothing before us to show that Atlantic City has adopted the provisions of this act.

If we assume, as counsel for the prosecutor urges that we should, that this act has been adopted by Atlantic City, and that section 14, by which city council is authorized to make ordinances *inter alia* "to provide for the lighting of all streets, parks and public places," is operative, then our conclusion is that it is not a ground of complaint by this prosecutor that an ordinance was not passed before the proposals upon which it unsuccessfully bid were published. The standing of the prosecutor as an unsuccessful bidder rests upon his right to have had his bid accepted. *Certiorari* is a remedial writ. If the present contention of the prosecutor is true, then all that it has lost is an illegal award. For this the present proceeding affords him no remedy.

As a taxpayer the prosecutor has a different standing, viz., as the representative in theory of the taxpaying interest of the city, but the bid that the prosecutor is attacking was lower than its own bid, hence the interests of the taxpayers would not apparently be advanced by the success of such at-

tack. *Certiorari* is a discretionary writ, hence a prosecutor who only in theory represents the taxpayers of a city should not be permitted to work an injury to them in point of fact, which might readily happen if the real cause of such prosecutor's intervention were its private interest or a personal grievance.

It is, moreover, very doubtful whether the city council was not within its rights in proceeding without ordinance to ascertain the cost to which the city would be put before providing for the lighting of its streets. If it had been required by law to advertise for proposals, the case might be different. The contract itself must, of course, be by ordinance if the city has adopted the act of 1902. As the case stands, it may be that the successful bidder cannot compel the city to enter into any contract with it, but that is a matter that concerns such bidder only. If the city elects to make a contract with such bidder, it being the lowest, the interests represented by the prosecutor suffer no injury. The action of city council sought to be set aside is manifestly in the interest of the taxpayers, is not clearly shown to be even irregular, and it does no wrong to the prosecutor of which he can be heard to complain.

The municipal action brought up by this writ is affirmed.