WILLIAM L. BLACK IMPLEMENT COMPANY, RELATOR, v. WILLIAM A. BLAIR, CLERK OF ATLANTIC COUNTY, RESPONDENT.

Argued October 4, 1927—Decided February 20, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *William M. Clevenger.*

For the respondent, *Enoch A. Higbee.*

The opinion of the court was delivered by

TRENCHARD, J. The attorney of the relator sent by mail a mortgage to the county clerk of Atlantic county and asked that it be canceled. The mortgage was given by Agostina Aiello and others to William L. Black Implement Company, a corporation, the relator. When received by the county clerk there was attached thereto on a separate sheet of paper an alleged authority to cancel, in these words:

"The William L. Black Implement Company hereby certifies that its mortgage has been fully paid and satisfied, and the clerk of Atlantic county is authorized to cancel the same of record.

WILLIAM L. BLACK IMPLEMENT COMPANY,

By WILLIAM L. BLACK,

*President.*

Attest:

WILLIAM A. FRENCH,
*Secretary.*"

The seal of the corporation was affixed thereto. Then followed a certificate in the following language:

"I, Wilber R. Tilton, notary public in and for the State of New Jersey, do hereby certify that the foregoing signatures of William L. Black, president of the William L. Black Implement Company, and William A. French, secretary of the William L. Black Implement Company, are genuine.

WILBER R. TILTON,

*Notary Public.*"

The county clerk refused to cancel the mortgage on the grounds that the authority to cancel was not in compliance with section 2 of chapter 272 of *Pamph. L.* 1927, *p.* 501. Thereupon the relator obtained this rule to show cause why a writ of *mandamus* should not issue commanding the county clerk to cancel such mortgage.

We think that the county clerk acted rightly. Section 2 of chapter 272 of *Pamph. L.* 1927 provides: "No mortgage given to any corporation, other than a building and loan association of this state, shall be canceled of record by the county clerk or register of deeds and mortgages of any county in this state *unless there shall be endorsed upon said mortgage an authorization to cancel the same,* over the signatures of the president or vice-president and secretary or treasurer or cashier of said corporation, or any one of their respective assistants with the seal of said corporation affixed thereto." The act by section 3 provides that "all acts and parts of acts inconsistent herewith are hereby repealed."

The relator is a New Jersey business corporation and not a building and loan association.

It is the contention of the relator that this section of the act does not mean what it says, but that a separate piece of paper may be attached to the mortgage, bearing the authorization. We believe that contention is unsound. The language of the statute is that no such mortgage shall be canceled of record "unless there shall be *endorsed upon* said mortgage an authorization" *described* in the act.

That the legislature meant what it said is evident from the fact that, prior to the taking effect of the act of 1927, mortgages could be canceled under the provisions of section 23 of the act concerning mortgages (*Comp. Stat., p.* 3416), declaring "that when any mortgage, registered as aforesaid, shall be redeemed, paid and discharged, it shall be the duty of the said clerk, on application to him made by the mortgagor or person redeeming, paying and discharging the said mortgage, and producing to him the said mortgage canceled, or a receipt thereon, signed by the mortgagee or his executors, administrators or assigns, to enter in a margin to be left for that purpose, opposite to the said abstract, a minute of said re-

demption, payment and discharge, which minute shall be a full and absolute bar to and discharge of said entry, registry and mortgage." This section is, in effect, almost identical in many respects with section 1 of the act of 1927, which declares that "no mortgage other than one given to a corporation shall be canceled of record by the county clerk or register of deeds and mortgages of any county in this state unless the said mortgage shall be produced to said clerk or register canceled or with a receipt thereon signed by the mortgagee, or his executors, administrators or assigns, and the signature of said mortgagee, or his executors, administrators or assigns, shall be certified to as genuine by one qualified to take acknowledgments of deeds, said officer to designate his title and to affix his seal, if any he has." There is, however, between these two sections this important difference: by section 1 the act of 1927, and not by section 23 of the prior act, the signature of the mortgagee, or his executors, administrators or assigns, shall be certified to as genuine by one qualified to take acknowledgments of deeds.

There was also another method of canceling mortgages prior to the passage of the act of 1927, which will be found in section 25 of act concerning mortgages (*Comp. Stat., p.* 3416), which provides that "any mortgage which has been recorded or registered, or that may hereafter be recorded or registered, shall be discharged upon the record thereof by the officer in whose custody it shall be, whenever there shall be presented to him a certificate signed by the mortgagee, his heirs, executors, administrators or assigns, acknowledged or proved and certified in the manner prescribed by the act entitled 'An act respecting conveyances,' specifying that such mortgage has been paid, or otherwise satisfied and discharged." The next following section, to wit: Section 26 (*Comp. Stat., p.* 3417) provides that "every such certificate and the proof or acknowledgment thereof shall be recorded at full length, and a reference made in the book and page containing such record in the minutes of the discharge of such mortgage made by the officer upon the record thereof."

It is thus evident that by the act of 1927 the legislature intended to repeal the provisions of this prior act providing the

old method of canceling mortgages. If the legislature had intended that a mortgage might be canceled by a certificate attached to the mortgage, then there would have been no need of the passage of the act of 1927, because the law already existed providing that it could be canceled by certificate. In the construction of a statute where there is any ambiguity, the court considers the old law, the mischief and the remedy. We incline to think that there is no ambiguity in the act of 1927. It seems to us that plainer words could not well have been used. But, however that may be, the evident purpose of its passage was to repeal the law which provided that a separate paper might be executed authorizing the discharge of a mortgage, and we assume that the reason was because, under sections 25 and 26 above referred to (*Comp. Stat., pp.* 3416, 3417), there was no requirement that the mortgage should be surrendered and marked canceled by the clerk, and while, thereunder, it might be canceled of record, the mortgage itself might be in the hands of someone else who might sell it to an innocent purchaser, with no endorsement on the mortgage showing it had been paid or canceled, and the legislature of 1927 evidently intended that no mortgage that had been paid should come into the hands of an innocent purchaser unless the mortgage itself showed that it had been paid, by an endorsement thereon signed by the mortgagee, &c.

The authority to cancel in the case under consideration is attached to the mortgage and could be separated therefrom, and the mortgage might come into the hands of a purchaser without showing that it had been paid or canceled. It is also to be noticed that the authority attached does not in any way identify the mortgage to be canceled. It merely says "the William L. Black Implement Company hereby certifies that its mortgage has been fully paid and satisfied, and the clerk of Atlantic county is authorized to cancel the same of record." This does not in any way identify the mortgage to which it was attached, either by date, amount, mortgagor or book or page of record, nor does it say to cancel the mortgage to which it is attached, and it could have been attached to any mortgage given to the William L. Black Implement Company.

The relator contends that there was no room on the mortgage itself to make a proper endorsement or authority to cancel. But that cannot be so. Certainly a proper form of authorization could have been written or stamped across the face of the mortgage at any angle and in any color of ink rendering it intelligible, signed by the president and secretary of the company, and the seal of the corporation affixed thereto, and this observation is equally applicable to all such mortgages.

The writ of *mandamus* will be denied and the rule discharged, with costs.