BETTER HOME HEAT COUNCIL, INC. *v.* HOUSING
AUTHORITY OF THE CITY OF HARTFORD

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued June 13—decided July 5, 1961

*Leo Parskey,* for the appellant (plaintiff).

*Morris Apter,* for the appellee (defendant).

BORDON, J.  The plaintiff seeks an injunction to
restrain the defendant from entering into or per-

forming a contract with the Hartford Gas Company contemplating the conversion of the defendant's coal-fired burners to gas. The trial court rendered judgment denying the plaintiff's request for an injunction and for other equitable relief, and the plaintiff has appealed.

The finding, which is not subject to correction, discloses the following facts: The plaintiff is a corporation whose members are representatives of oil companies engaged in the sale and distribution of oil products in the Hartford area. The defendant is a corporation organized in accordance with the statutes of Connecticut. General Statutes c. 128. It owns and operates a low rent housing project, called Charter Oak Terrace, which was constructed with funds advanced by the federal public housing administration and refunded with bonds issued by the defendant and sold to the public. The project has 1000 units, of which 200 are heated by automatic oil burners and 800 by hand-fired coal burners. For some time, the defendant had considered the advisability of converting the coal-fired burners to automatic heating systems, with the expectation that the conversion would provide greater efficiency and make the housing units more rentable. Accordingly, the defendant caused a survey to be made by its heating foreman, conferred with the public housing administration, and engaged a firm of expert heating engineers to make a survey of all factors involved in the conversion. After careful consideration of all the information disclosed by the surveys, such as cost of system, maintenance and fuel, cleanliness, and deterioration of equipment, and on advice of the public housing administration, the defendant reached the conclusion that conversion to automatic gas-fired heaters would be most advan-

tageous. The public housing administration, without whose approval the conversion could not be made, gave its approval, and the defendant decided to proceed. In reaching this decision, the members of the defendant acted in good faith, with no improper motives, and after careful investigation of its needs. The defendant instructed the consulting engineers to prepare plans for conversion to gas and, after completion of the plans, advertised in local newspapers for competitive bids for the installation of the necessary equipment. On March 8, 1960, the day before this suit was started, the plaintiff purchased two of the defendant's bonds for the sole purpose of qualifying as a proper party in this action.

The plaintiff's claim is that the decision of the defendant to convert to gas without competitive bidding for other types of fuel is in violation of § 8-44 of the General Statutes. This statute confers on the defendant broad powers in operating housing projects. It provides that in the course of operation the defendant may prepare, carry out, acquire, lease and operate housing projects and provide for their construction, improvement, alteration or repair. The defendant is authorized to contract for the furnishing of services, privileges, works or facilities for, or in connection with, housing projects or the occupants thereof. The provision in § 8-44 that contracts for work, supplies or personal property involving the expenditure of more than $1000 be publicly advertised for the purpose of receiving bids does not restrict the defendant from selecting a type of facility which, in its judgment, will benefit it. The decision to convert to gas does not involve the purchase of supplies or personal property. It is the adoption of a method of heating

and must be left to the sound discretion and business judgment of management. 43 Am. Jur. 770, § 29. The purpose of the statute is to assure the proper expenditure of public money but not to stifle or interfere with the exercise of sound business judgment. *Austin* v. *Housing Authority,* 143 Conn. 338, 346, 122 A.2d 399; 10 McQuillin, Municipal Corporations (3d Ed.) p. 347.

The decision to convert to gas was not arrived at hastily nor for the purpose of favoring the gas company. In reaching this decision, the defendant acted according to the honest judgment of its members and was motivated by a consideration of proper factors of cost, maintenance and efficiency. Under these circumstances, its decision is not subject to the requirement that contracts for work or material can be awarded only after public bidding. It was not the intention of the legislature, in enacting the requirement of competitive bidding, to include, within the scope of the requirement, any limitation on the proper exercise of business judgment and discretion. *State ex rel. Stamford* v. *Board of Purchase & Supplies,* 111 Conn. 147, 156, 149 A. 410; *Litchfield* v. *Bridgeport,* 103 Conn. 565, 577, 131 A. 560; 43 Am. Jur. 770, § 29. The statutory requirement for bids goes no further than the purpose intended to be served and does not reflect any legislative intent to forbid the acquisition by the defendant of such facilities as in its judgment will best serve its needs, whether obtainable from several sources or from but one source. *State ex rel. Stamford* v. *Board of Purchase & Supplies,* supra, 159; *Hartford* v. *Hartford Electric Light Co.,* 65 Conn. 324, 335, 32 A. 925; *In re Dugro,* 50 N.Y. 513, 515.

Upon completion of the plans for conversion, the defendant invited public bids for the installation

of the necessary equipment. This was adequate compliance with the statutory requirements. General Statutes § 8-44.

There is no error.

In this opinion the other judges concurred.