NEHRBASS, Judge.
This is an injunction suit brought by Wallace Stevens, Inc. against Lafourche Parish Hospital District No. 3 and South Central Bell Telephone Company seeking to enjoin the defendants from construction and installing telephone or communication equipment at Thibodeaux General Hospital without first complying with public bid laws and letting same by contractor to the lowest responsible bidder. The trial court dismissed plaintiff’s application for injunction on grounds that the public contracts bid law was not applicable to the circumstances of this case. Stevens has appealed. We do not find that the trial court erred in declining to issue the injunction prayed for, and accordingly, we affirm.
There is no controversy regarding the circumstances which generated this lawsuit. *300 Lafourche Parish Hospital District No. 3 is a public body, and is in the process of constructing Thibodeaux General Hospital which will replace present facilities. Plaintiff, a company which has telephone equipment comparable to that used by South Central Bell and which is in a position to sell, lease or rent and service said equipment, contacted the hospital administrator and the architect in charge of the project and requested an opportunity to bid on the telephone equipment to be installed in the new hospital. No advertisements for competitive bids for the purchase of telephone service or equipment were made and plaintiff was not given an opportunity to bid on this equipment. The hospital district board entered into an agreement to subscribe for telephone service from South Central Bell Telephone Company, which is the only telephone company in the Thibo-deaux area which is approved by the Public Service Commission to provide both telephone equipment and full telecommunication service. Plaintiff does not provide full telecommunication service, but sells or rents telephone equipment, including telephone instruments, switchboard devices, and the like, which must be linked to South Central Bell’s telecommunication network.
Plaintiff’s position herein is that the installation of telephone equipment at Thibo-deaux General Hospital, and the subscription for telephone service on a monthly basis by that hospital is either “public work” or is a “purchase of materials or supplies”, and, therefore, comes within the provisions of LSA-R.S. 38:2211, the Public Bid Law.
LSA-R.S. 38:2211 in pertinent part provides :
“All public work to be done, exceeding the sum of two thousand five hundred dollars including both labor and materials, [to be done] by any public corporation or political subdivision of the state and all purchases of materials or supplies exceeding the sum of one thousand dollars to be paid out of public funds shall be advertised and let by contract to the lowest responsible bidder who has bid according to the contract, plans and specifications as advertised; and no such public work shall be done and no such purchase shall be made except as provided in this Part. The advertisement [required by this section] shall be published once a week for three different weeks in a newspaper in the locality, the first advertisement to appear at least fifteen days before the opening of bids; provided that when the advertisement is published in a daily newspaper in the locality, the advertisement shall be published three times within ten days, the first advertisement to appear at least ten days before the opening of bids.”
It is clear that the provisions of the Public Bid Law apply only to “public work” or to the “purchase of materials or supplies” exceeding certain designated sums. It is established that the cost of installation of telephone equipment at the hospital exceeds the maximum figure provided by this statute.
We are of the opinion that the contract for services entered into between the Hospital District and South Central Bell is not a contract for the “purchase of materials or supplies” within the meaning of LSA-R.S. 38:2211. There is no purchase here for the title to all equipment installed in the new hospital shall forever remain vested in the telephone company. The tariffs of South Central Bell provide that “(e)quipment and facilities furnished by the Company on the premises of a subscriber or authorized user of the Company are the property of the Company and are provided upon the condition that such equipment and facilities, except as provided in this tariff, must be installed, relocated and maintained by the Company.”
If the contract does not involve the “purchase of materials or supplies”, it must involve “public work” if the Public Bid Law is to apply. We have found no Louisiana cases defining public work. Black’s Law Dictionary 1781 (4th Ed.1968) defines public work as :
“Works, whether of construction or adaptation, undertaken' and carried out by the national, state or municipal authori *301 ties, and designed to subserve some purpose of public necessity, use, or convenience; such as public buildings, roads, aqueducts, parks, etc. . . . All fixed works constructed for public use. . . .” (citations omitted)
Webster’s Third International Unabridged Dictionary defines public work as: “fixed works (as schools, highways, docks) constructed for public use or enjoyment, especially when financed and owned by the government.”
The trial court noted the following distinction appearing in Words and Phrases, Vol. 35A, p. 137:
“The construction of an electric distribution system for a city was a ‘public work’. Universal Electric Const. Co. of Alabama v. Robbins, 239 Ala. 105, 194 So. 194, 198.”
“A contract entered into by village with electric company to purchase electricity was not a contract for ‘public work’ within Public Works Law so as to require award thereof by public bid. Bartholomew v. Village of Endicott, 59 N.Y.S.2d 84, 88”.
In the instant case we do not find what appears to be the necessary ingredients of public work, e. g., a fixed work owned by the governing authority. We find that the agreement to use South Central Bell’s services is not the doing of “public work” within the meaning of the Public Bid Law where the title to the equipment shall forever remain in the telephone company. Accordingly, we hold that by its own terms LSA-R.S. 38:2211 is inapplicable to the circumstances of this case.
We find no merit in plaintiff’s contention that the installation and use of telephone equipment in the hospital is a ‘public work’ simply because such service plays an integral part in the operation and function of the hospital.
There is another reason for holding the Public Bid Law inapplicable to this case. We do not believe that it should be made applicable to a contract with a regulated public utility. Annotation, 128 A.L.R. 168, 169; 64 Am.Jur.2d, Public Works and Contracts, § 47. The Supreme Court in Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627 (1943), stated the purpose of the Public Bid Law as follows :
“This statute in so far as it requires advertising and the obtaining of competitive bids is a prohibitory law founded on public policy. It was enacted in the interest of the taxpaying citizens and has for its purpose the protecting of them against contracts of public officials entered into because of favoritism and involving exorbitant and extortionate prices. It was not passed for the benefit of the officials and the entities which they represent.” 14 So.2d 627, 631.
Though Boxwell is factually distinguishable from this case and is legally inapposite, we believe that the court did correctly state the purpose of the Public Bid Law. See, 64 Am.Jur.2d, Public Works and Contracts, § 37.
Missing entirely from the instant case are the factors with which the statute was intended to deal. The telephone company is a public utility regulated by the Louisiana Public Service Commission pursuant to authority contained in Article 6 § 3 and § 4 of the Louisiana Constitution of 1921. The rules and the regulations of the Public Service Commission require the prior filing with it of tariffs which the telephone company proposes to charge. South Central Bell can only charge rates in accordance with the published tariffs filed with the Public Service Commission. It can not charge less for it can not legally discriminate between subscribers. Pursuant to statutory authority public utilities are regulated by government agencies in the interest of the utility, its patrons and the public, and this regulation serves as a substitute for competition. When a public utility is involved, the public is adequately protected against fraud, favoritism, collusion, or exorbitant and extortionate prices. Accordingly, we hold that no public bids are required.
*302 The Hospital District Board has determined in its discretion to subscribe for telephone service from a regulated public utility rather than purchase its own equipment. This we believe it had every right to do. Had it chosen to purchase or lease telephone equipment from an independent, unregulated equipment supplier, the contract would then be required to be let for competitive bid under LSA-R.S. 38:2211, as the protection afforded to the public by regulation of the utility company would then be absent. If public bidding were required in this case, the only one who could not submit a bid would be South Central Bell because they are prohibited from selling their equipment to subscribers, and further because their charges are fixed by the tariffs and they are prohibited from charging either more or less than the tariffs which have been approved by the Public Service Commission. In either event, the public is protected. In the first instance by regulation and in the second instance by competition.
For the foregoing reasons, we affirm the decision of the trial court. Plaintiff is to bear all costs of this appeal.
Affirmed.