405 So.2d 119 (1981)
TELCOM SYSTEMS, INC.
v.
The LAUDERDALE COUNTY BOARD OF SUPERVISORS, its Individual Members: W.H. Billy Melton, Sonny Cunningham, Lamar Taylor, Stanley Shannon and Ikie E. Ethridge and South Central Bell Telephone Company.
No. 52887.
Supreme Court of Mississippi.
October 21, 1981.
H.W. "Sonny" Jones, William B. Jacob, Meridian, for appellant.
Dean, Cameron, Prichard & Young, O. Winston Cameron, Sandusky, Bailey, Fortenberry & Stephenson, Robert W. Bailey, Meridian, Butler, Snow, O'Mara, Stevens & Cannada, George H. Butler, Roger M. Flynt, Jr., Jackson, for appellees.
Before PATTERSON, C.J., and SUGG and LEE, JJ.
SUGG, Justice, for the Court:
Telcom Systems, Inc. brought this suit to enjoin the Board of Supervisors of Lauderdale County and South Central Bell Telephone Company from carrying out a contract for telephone service between the Board and South Central Bell. The Chancery Court of Lauderdale County, Chancellor William Neville presiding, dismissed complainant's suit and complainant appeals. Concluding that the judgment of the chancellor was correct, we affirm.
There was no significant conflict in the evidence and the basic facts are undisputed. The Federal Communications Commission ruled in 1968 that subscribers to telephone service could, with some restrictions, attach customer owned equipment to the telephone network of the utility providing service. That decision gave rise to a new industry known as the "interconnect" industry consisting of business firms engaged in leasing or selling telephone terminal equipment that can be connected with the network of the utility providing telephone service. Such "interconnect" companies do not provide telephone service, are not public utilities, and are not regulated by the Mississippi Public Service Commission.
*120 Telcom is an "interconnect" company which sells and leases telephone equipment. It does not provide complete telephone service but sells or rents telephone equipment, including telephone sets and private branch exchanges (PBX's), which are capable of being connected to South Central Bell's telephone network.
In response to a request from the Board, South Central Bell submitted a proposal on April 23, 1980 for telephone service, including a PBX, for the Lauderdale County Courthouse in accordance with the terms and conditions of the "applicable tariff in effect at the time service is provided." On or about May 1, 1980, the Board accepted the proposal.
Subsequently, on various occasions, Telcom requested the Board to reconsider its decision to subscribe for service and equipment from South Central Bell, and contended that the Board should not have subscribed for such service without competitive bidding. After several conferences with representatives of Telcom, the Board reaffirmed its decision to subscribe to service from South Central Bell without competitive bidding. Thereafter, Telcom filed the present suit.
South Central Bell is a duly authorized and established telephone public utility regulated by the Mississippi Public Service Commission. It is the only company certificated and authorized to provide full telephone service in Meridian. Despite the advent of the connection of customer provided equipment authorized by the Federal Communications Commission in 1968, South Central Bell has continued to provide complete telephone service, under regulation, and has not sold PBX equipment to its subscribers.
Section 77-3-35 Mississippi Code Annotated (1972) requires South Central Bell to file with the Public Service Commission, and to keep open for public inspection, schedules[1] showing all rates and charges for its intrastate telephone service and equipment in Mississippi. At all times material here, South Central Bell had duly filed the required schedule with the Public Service Commission. Section 77-3-35 also prohibits any public utility, including South Central Bell, from charging or receiving a greater or less compensation for its services than that prescribed in its schedule. The rates and charges in South Central Bell's proposal to the Board on April 23, 1980, were in accordance with the schedule of such rates and charges on file with the Public Service Commission at that time.
Telcom seeks to enjoin the county from subscribing for full telecommunication service from South Central Bell. This case presents the following issue not heretofore considered by this Court: Do the public bid statutes of Mississippi prohibit a public body from subscribing for full public utility service from a regulated utility authorized to provide such service and require the public body to take bids for a part of that service?
In 81 A.L.R. 3rd, §§ 2, 981, 982, 983 (1977), the purpose requiring competitive bidding on public contracts and the majority rule when such contract is with a regulated public utility is stated as follows:
The purpose of provisions requiring that contracts with public authorities be let only after competitive bidding are to secure economy in the construction of public works and the expenditures of public funds for materials and supplies needed by public bodies; to protect the public from collusive contracts; to prevent favoritism, fraud, extravagance, and improvidence in the procurement of these things for the use of the state and its local self-governing subdivisions; and to promote actual, honest, and effective competition to the end that each proposal or bid received and considered for the construction of a public improvement, the supplying of materials for public use, etc., may be in competition with all other bids upon the same basis, so that all such public contracts may be secured at the lowest cost to taxpayers.
... .

*121 While a statutory provision may specifically except contracts with a public utility from a general statutory requirement that public contracts be awarded only after public advertising for bids, the courts are generally called upon to determine whether statutes or other enactments requiring competitive bidding for public contracts permit an exception for contracts with public utilities. It appears that a substantial majority of the courts that have considered the question have held or recognized, either expressly or impliedly, that a contract between a public body and a public utility for the furnishing of public utility service is not ordinarily to be considered as falling within the purview or intendment of a statute, ordinance, or other enactment requiring that public contracts shall only be let upon the basis of competitive bidding.
... .
Several courts holding that competitive bidding was not required for contracts between public bodies and public utilities for the furnishing of utility service has stressed that the absence of competitive bidding did not provide an opportunity for fraud or favoritism because a public utility is subject to state regulation and is only permitted to charge rates that have been fixed and determined according to tariffs which the utility has been required to file with the regulatory body.
One of the leading cases cited in A.L.R. is Wallace Stevens, Inc., v. Lafourche Par. Hosp. Dist. No. 3, La. App., 308 So.2d 299, affirmed by the Louisiana Supreme Court, 323 So.2d 794 (1975). The Louisiana Court of Appeals held that the public bid law was not applicable to a contract with a regulated public utility and stated:
Missing entirely from the instant case are the factors with which the statute was intended to deal. The telephone company is a public utility regulated by the Louisiana Public Service Commission pursuant to authority contained in Article 6 § 3 and § 4 of the Louisiana Constitution of 1921. The rules and the regulations of the Public Service Commission require the prior filing with it of tariffs which the telephone company proposes to charge. South Central Bell can only charge rates in accordance with the published tariffs filed with the Public Service Commission. It can not charge less for it can not legally discriminate between subscribers. Pursuant to statutory authority public utilities are regulated by government agencies in the interest of the utility, its patrons and the public, and this regulation serves as a substitute for competition. When a public utility is involved, the public is adequately protected against fraud, favoritism, collusion, or exorbitant and extortionate prices. Accordingly, we hold that no public bids are required.
The Hospital District Board has determined in its discretion to subscribe for telephone service from a regulated public utility rather than purchase its own equipment. This we believe it had every right to do. Had it chosen to purchase or lease telephone equipment from an independent, unregulated equipment supplier, the contract would then be required to be let for competitive bid under L.S.A.-R.S. 38:2211, as the protection afforded to the public by regulation of the utility company would then be absent. If public bidding were required in this case, the only one who could not submit a bid would be South Central Bell because they are prohibited from selling their equipment to subscribers, and further because their charges are fixed by the tariffs and they are prohibited from charging either more or less than the tariffs which have been approved by the Public Service Commission. In either event, the public is protected. In the first instance by regulation and in the second instance by competition.
South Central Bell is a public utility regulated by the Mississippi Public Service Commission under Title 77 Mississippi Code Annotated (1972) as mandated by Section 186 of the Mississippi Constitution of 1890. As heretofore noted South Central Bell is required by statute to file with the Commission a schedule of all rates and charges for *122 its intrastate telephone service and may not collect for its service a greater or less compensation than prescribed in the schedules. Under section 77-3-37 Mississippi Code Annotated (1972) no public utility may make any change in any rate which has been duly established and succeeding sections provide for a hearing on any requested rate change.
The Board of Supervisors, in its discretion, decided to subscribe for telephone service from South Central Bell, a regulated public utility rather than purchase its own equipment or lease equipment from an independent supplier to be connected to South Central Bell's telephone network. This it had every right to do. However, had the Board chosen to purchase or lease equipment from an independent, unregulated equipment supplier, the contract would then be required to be let on competitive bids under the public bid laws of Mississippi because the protection afforded to the public by regulation of South Central Bell would then be absent. The public is protected in either event because if a public body subscribes for service from a regulated public utility, the public is protected by regulation. If the public body determines to purchase or lease its own equipment, the public would be protected by competitive bids.
We therefore follow the weight of authority and hold that the public utility service contract in this case is not within the intendment of statutory public bid requirements. The absence of competitive bidding in this case did not provide an opportunity for fraud or favoritism. South Central Bell, as a public utility, is subject to state regulation and is only permitted to charge rates that have been fixed and determined according to tariffs which it has been required to file with the Mississippi Public Service Commission. The Board was entitled to subscribe for telephone services with South Central Bell, a regulated public utility, without first receiving public bids on the telephone equipment to be used in the Lauderdale County Courthouse.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] Schedules of rates and charges are generally referred to in the industry as tariffs.