ON REHEARING
PER CURIAM.
Rule 1-3, URCA, allows us to review only those issues that were submitted to the trial court and which are contained in assignments of error, unless the interest of justice requires otherwise. The police jury did not submit to the trial court the issue of whether the Public Bid Law applied to this contract and raised this, issue in its application for rehearing. We granted a rehearing to consider this issue.
In Browning-Ferris, Inc. v. City of Monroe, 465 So.2d 882 (La.App. 2d Cir.1985), we held that the PBL was not applicable to a public contract that was “simply a contract for services under which the City shall have the non-exclusive right to deposit its garbage ... at American Waste’s landfill at a stipulated cost.” Ibid., p. 883. Other cases holding the PBL inapplicable are LaFourche Parish Water District No. 1 v. Carl Heck Engineers, Inc., 346 So.2d 769 (La.App. 1st Cir.1977), (supplying engineering consultation and professional services) and Wallace Stevens, Inc. v. LaFourche Parish Hospital District No. 3, *766 323 So.2d 794 (La.1975) (furnishing telephone services).
The contract here in question grants to the contractor “the sole and exclusive franchise, license and privilege to provide solid waste collection, removal and disposal services” for a five-year period. LRS 33:4169.1 authorizes municipalities and parishes to contract for garbage collection and disposal but provides that
Any exclusive franchise shall be granted only after advertising for bids ... and awarding the contract ...in accordance with the public bid laws of the State and other provisions of law.
The police jury argues that the preference section of the PBL (§ 2225 quoted in our original opinion) should be “strictly construed” as an exception to the spirit of the law and should apply only to contracts for the erection, construction, alteration or repair of public buildings or structures. We cannot agree.
LRS 33:4169.1 mandates that the PBL apply to this contract granting an exclusive garbage collection and disposal franchise to a private entity. The Public Bid Law (LRS 38:2211-2226) is one part of the Chapter governing Public Contracts (LRS 38:2181-3309). What is commonly referred to as the Public Bid Law is actually the part that is entitled “Letting Contracts.”
Preferences to Louisiana residents and contractors are interspersed throughout the Public Contracts Law. See e.g., §§ 2184, 2225, 2251, 2252, 2261. Louisiana resident contractor is defined in LRS 38:2211 A(7)(a).
When we consider these laws on the subject in pari materia, we conclude that even the spirit of the Public Contracts Law requires that preference be given in accord with § 2225 where a public body seeks to grant an exclusive franchise to a private entity for the collection and disposal of garbage. LRS 33:4169.1.
In all respects, our original opinion is reinstated.