Dear Rep. Rousselle:
You have requested the opinion of this office on the following issues:
1. Is the local Council on Aging, a private entity, required to adhere to state public bid laws in the purchase of insurance coverage when using unrestricted funds received from the Plaquemines Parish Government?
2. If the Council on Aging (COA) gave the appearance of engaging in a public bid process by advertising for the receiving of bids, are they held to the requirements of the Public Bid Law even if they are not legally required to use that process for the purchase of insurance coverage?
Local Councils on Aging "are, intrinsically, private, non profit corporations which are delegated certain public functions as mandataries of the State." Opinion Number 92-404. As a private entity, there is no statutory requirement that the COA comply with public bid laws of the state. In any event, the Public Bid Law, R.S. 38:2211-2237 does not require that insurance be bid since the statute is only applicable to public works and the purchase of materials and supplies. It is not applicable to contracts for services, such as insurance. Opinion Number84-1051; Wallace Stevens, Inc. v. Lafourche Hospital, 323 So.2d 794
(La. 1975); Lafourche Parish Water District v. Carl Heck,346 So.2d 769 (La.App. 1st Cir., 1977).
The COA, when expending state and federal funds directed to it by the Governor's Office of Elderly Affairs (GOEA), is subject to detailed procurement procedures which are set forth in the rules and regulations of that office. However, those procedures do not extend to funds received by the COA from other state, local government or private sources.
Any obligation which the COA would have to comply with the Public Bid Law in expending non-GOEA funds would arise out of the grant contract by which the public funds were transferred to the local COA. Your request indicates that the funds involved here are "unrestricted", which suggests that there was no such requirement in the grant of these funds by the parish. of course, the absence of a statutory or contractual requirement does not preclude the use of a public bid process to procure insurance coverage, which procedure would appear to be good management policy.
You have provided to us a copy of the public advertisement by which the COA "solicits proposals from qualified bidders to provide Auto Insurance. . ." for a list of vehicles. The advertisement reserves to the COA ". . .the right to accept or reject, in whole or in part, all proposals submitted." We do not feel that this advertisement commits the COA to comply with the requirements of a statute by which it is not bound. Under some circumstances, the initiation of a public bid process by a public entity, with its usual trappings and procedures, may create an expectation among bidders which could give rise to due process concerns if the bid process is then aborted. However, the COA is a private entity and the advertisement used here calls for "proposals" and explicitly reserves the right to reject any and all proposals submitted. For these reasons, we do not feel that the COA is obligated to use the advertised process as a basis of contracting for insurance. Indeed, the advertised process did not provide enough information to form the basis of a meaningful bid process.
To the extent that they are in conflict with this opinion, Opinion Numbers 83-565 and 85-198 are recalled.
I trust that this answers your inquiry. Please advise if we may be of further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ GLENN R. DUCOTE
Assistant Attorney General
RPI/GRD/cla