Dear Ms. Curtis-Sparks:
You have requested the opinion of this office as to whether contracts for professional engineering services to assist the Sabine River Authority (SRA) in the planning and development of new recreational, leisure time and entertainment projects in and around the Toledo Bend Reservoir are subject to: 1) R.S. 38:2310-2317; 2) R.S. 39:1482-1525; 3) R.S. 48:285-294; or to any other state procurement laws or regulations. You indicate that these new contracts will total approximately $3,000,000, to be funded out of the $11,000,000 appropriated to the SRA under the Capital Outlay Act of 1994 (Act 45).
The issues presented are the same as those listed in Opinion Number 92-646 of this office which concluded that the SRA had plenary power to contract for engineering services without compliance with the general laws of the state applicable to the procurement of professional services. Subsequent to Opinion Number 92-646, Opinion Number 97-287 was written to the Legislative Auditor's Office, concluding that the SRA was not generally subject to the requirements of the Public Bid Law but, where funds appropriated to the SRA under the Capital Outlay Act of 1994 (Act 45) were being used, the provisions of that Act required application of the Public Bid Law to the SRA. In 1998 R.S. 36:511 was enacted, making portions of the Public Bid Law applicable to the SRA ". . . as these provisions are applicable to the department [DOTD]." No statutory enactment has made provisions of any of the other statutes identified in your request applicable to the SRA. Therefore, we face the issue which Opinion Number 97-287 addressed, but with regard to engineering services rather than construction of public works.
The relevant language in Section 3 of Act 45 is:
 "The expenditure of funds appropriated in this Act shall be in conformity to all existing statutes relative to public bidding, contractual review, and R.S. 39:101 through 128 and any other statutes affecting the capital outlay program for state government, state institutions, and other political entities."
This provision makes applicable to capital outlay projects four different areas of state law: a) public bidding, b) contractual review, c) R.S. 39:101-1281, and d) other statutes affecting capital outlay for state government.
 • Public Bidding has been discussed above and is now applicable to the SRA in contracting for public works regardless of the source of funding. However professional services are not procured by public bidding under any state statutes, so this is not applicable to the current inquiry. Our courts have found the Public Bid Law not to be applicable to contracts for services of any kind. Wallace Stevens, Inc. v. Lafourche Hospital, 323 So.2d 794, (La. 1975); Lafourche Parish Water v. Carl Heck Engineering, 346 So.2d 769 (La.App. 1st Cir., 1977); BFI v. City of Monroe, 465 So.2d 882
(La.App. 2d Cir., 1985).
 • Contractual Review apparently refers to the provisions of R.S. 39:1481-1526 which creates the Office of Contractual Review and outlines its powers and responsibilities in connection with contracts for professional, personal, consulting and social services. By explicit exception in R.S. 39:1482, the Department of Transportation and Development (DOTD), where the SRA resides, is excepted from contractual review for engineering contracts.
 • R.S. 39:101-128" refers to legal provisions for the capital outlay budget process and is, therefore, not relevant to contracts for engineering services.
 • However, the broad and ambiguous provision making applicable other statutes affecting capital outlay for state government is not so easily disposed of.
An imprecise description such as "other statutes affecting capital outlay" generates confusion and uncertainty in interpretation. The Legislative Auditor has concluded that R.S. 38:2312 is applicable to the SRA. This is a reasonable conclusion in which we concur, although other conclusions may also be supported because of the ambiguity in various statutes. This statute requires that each state agency intending to contract for professional services notify the Division of Administration and to use the Louisiana Engineers Selection Board (or the other appropriate selection boards) to choose a professional for proposed "capital outlay projects for the construction of or additions, renovations, and restorations, or any of them, to buildings, plants, and related facilities." R.S. 38:2310(1). The explicit reference in this statute to utilization of this process by state agencies for "capital outlay projects" does appear to bring it within the ambit of the provision in Section 3 of Act 45 of 1994 cited above.
Notwithstanding the plenary exemption of the SRA from otherwise applicable state laws by R.S. 38:2325 and 2337, the later enactment of Act45 of 1994, and its more specific application to all funds appropriated pursuant to that act, evidence a legislative intent to impose special requirements on the SRA when it expends those funds.
You also asked that we address the applicability of R.S. 48:285-294 to the engineering contracts which will arise for capital outlay projects funded by Act 45 of 1994. This statute prescribes procedures for DOTD in the "employment of consultants for construction and preconstruction engineering services, research, planning, environmental and other activities. . .except those services under the authority of R.S.39:1481-1526". R.S. 36:801.1 dictates that the SRA ". . . exercise all powers, duties, functions and responsibilities provided or authorized . . . shall continue to administer and implement . . . procurement and contract management . . ." and shall do so ". . . independently of the secretary, the undersecretary, and any assistant secretary [of DOTD]." This language makes clear that the provisions of R.S. 48:285-294 otherwise applicable to DOTD, are not applicable to the SRA.
Therefore, it is our opinion that the conclusion of Opinion Number 97-287 as to the applicability of the Public Bid Law is likewise applicable to the selection of engineers, architects and landscape architects when they are to be paid with funds appropriated by Act 45 of 1994. For such work, contracts must be entered into pursuant to the provisions of R.S. 38:2310-2317.
I trust that this answers your inquiry. Please let us know if we may be of further assistance in this matter.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________________ GLENN R. DUCOTE Assistant Attorney General
RPI/GRD:jv