Dear Mr. Scafidel:
On behalf of the St. Bernard Port, Harbor and Terminal District (the "district"), you have requested an Attorney General Opinion regarding Act 407, of the 2006 Legislative Session, and its application to Louisiana's professional services policy. More specifically, you ask whether or not Act 407, prohibits the requesting of price quotes on design services from engineering firms. In short, the answer to your question is yes.
Prior to the passage of Act 407, there were no statutory procedures or requirements applicable to political subdivisions when contracting for professional services.[1] "Professional services," is defined as those services performed by an architect, engineer, or landscape architect.[2]
The Louisiana Public Bid Law, LSA-R.S. 38:2211-2296, regulates contracts by local public entities when the contracts relate to the construction of public works or the acquisition of materials and supplies.[3] However,
contracts for services, professional or otherwise, are not subject to the requirements of that statute.[4] See also Atty. Gen. Op. Nos. 07-0061, 03-0108, 02-0418, 92-717 and 97-239. *Page 2 
Act 407, codified at La.R.S. 38:2318.1, now places restrictions on the selection process for design professional services. La.R.S. 38:2318.1
provides in pertinent part:
 A. It is the policy of the state of Louisiana, its political subdivisions, and agencies to select providers of design professional services on the basis of competence and qualifications for a fair and reasonable price. Neither the state nor any of its political subdivisions or agencies may select providers of design services wherein price or price-related information is a factor in the selection. (Emphasis added).
La.R.S. 38:2318.1, in its current form, creates a "No Bidding of Design Professional Services Policy," which prohibits the state or any of its political subdivisions or agencies from selecting providers of design services where price or price related information is a factor. As a result, the legislature has created a selection process for design services based solely on competence and qualifications. Although the statute does provide that the price should be fair and reasonable, it cannot be considered during the selection process. Therefore, in accordance with the statute, requesting price quotes on design professional services is prohibited.
Although, La.R.S. 38:2318.1 prohibits considering price or price related information in the selection of providers of design services, it may be beneficial to the District to create and adopt a fee schedule or adopt the fee schedule used by the state when contracting for design services. As a result, the applicants would know before submitting their qualifications, the compensation rate for the requested design services. Further, having a pre-determined fee schedule would alleviate the burden of having to go through the selection process repeatedly, as a result of a provider being selected based on competence or qualifications but not meeting the budget restraints for the project. The state guidelines and procedures for design services can be found at The Division of Administration, Office of Facility Planning and Control in the 2006 Edition, Louisiana Capital Improvement Projects Procedure Manual for Design and Construction.[5]
In conclusion, it is the opinion of this office that pursuant to La.R.S. 38:2318.1, the district is prohibited from using price or price-related information as a factor in its selection process and therefore cannot request price quotes on design professional services from engineering firms.
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office. *Page 3 
With kindest regards,
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:_______________________ LoToya L. Ozene Assistant Attorney General
 CCF, JR:LLO/tw
[1] Wallace Stevens v. Lafourche Hospital, 323 So. 2d 794 (La. 1975) and Lafourche parish Water v.Carl Heck, 346 So.2d 769 (La.App. 1st Cir., 1977).
[2] La.R.S. 38:2310
[3] La. Atty. Gen. Op. No. 07-0061
[4] Lafourche Parish Water District No. 1 v. City of Monroe (La.App. 2nd Cir. 1985) 465 So.2d 882.
[5] http://www.doa.louisiana.gov/fpc/FPC-ProcedureManual2006.doc