MARVIN, Judge.
American Waste, the next lowest bidder for a waste disposal contract under the public bid law, appeals a judgment rejecting its demands to preliminarily enjoin the Madison Parish Police Jury from entering into the contract with the ostensible lowest bidder, Waste Control, Inc. LRS 38:2211 et seq.
American Waste specifically asserts that if the police jury had given American Waste the statutory preference of five percent required to be given a Louisiana resident contractor, its bid of $4.62 per unit would have been the lowest preferential bid because Waste Control, Inc., which bid $4.53 per unit, was a non-resident contractor. LRS 38:2225(A).
Agreeing, we reverse and remand with directions.
THE STATUTE
By Act 894 of 1984 the Public Bid Law was amended to define Louisiana resident contractor and to require that a responsible Louisiana resident contractor be awarded the contract subject to the law if his or its bid is not more than five percent higher than the lowest responsible nonresident bid.
LRS 38:2225(A) now provides:
In the letting of contracts for public work by any public entity, except contracts financed in whole or in part by contributions or loans from any agency of the United States government, preference shall be given to Louisiana resident contractors over nonresident contractors. Any contract awarded by a public entity for the erection, construction, alteration, or repair of any public building or structure or for any public work or improvement for which competitive bidding is not required by law must be awarded to a Louisiana resident contractor, provided there is a Louisiana resident contractor available with the expertise required for the specific job. If competitive bidding is required by law, the contract must be awarded to the Louisiana resident contractor making the lowest responsible bid if the Louisiana resident contractor’s bid is not more than five percent higher than the lowest responsible nonresident bid.
“Louisiana resident contractor” is now defined by LRS 38:2211(A)(7)(a):
*763 For the purposes of this Section, a “Louisiana resident contractor” includes any person, partnership, association, corporation, or other legal entity and is defined as one that either:
SjS * Sfc ⅜4 * *
(iii) For two years prior to bidding has maintained a valid Louisiana contractor’s license and has operated a permanent facility in the state of Louisiana and has not had a change in ownership or control throughout those two years.
The statutory policy is clear and unambiguous. Responsible Louisiana resident contractors shall be preferred by the public entity over responsible nonresident contractors to the extent that the statute directs.
The record establishes that the bid of American Waste ($4.62 per unit) is not more than five percent higher than the bid of Waste Control, Inc. ($4.53 per unit).
ISSUES
The critical issues then are these:
1. Is American Waste a responsible Louisiana resident contractor as defined by the statute?
2. Is Waste Control, Inc. a non-resident contractor?
3. Is the bid of American Waste ambiguous in any respect?
4. Is the preference automatically to be applied even though American Waste did not claim benefit of the preference in its bid or before the contract was let?
5. Is the police jury excepted from the statutory preference requirement because of the possibility or likelihood that some federal funds might be diverted by the police jury to partially defray the cost of the contract?
6. What relief is available to a Louisiana resident contractor whose preference is not recognized? American Waste has prayed that the contract between the police jury and Waste Control, Inc. be set aside and that the police jury be mandatorily directed or enjoined to execute the contract with American Waste as the lowest responsible Louisiana resident contractor.
The trial court found that American Waste had not proved it was entitled to the preference and that the police jury had not acted in an arbitrary and capricious manner in letting the contract.
We shall consider these issues in the order stated and in the light of the facts established in the record.
FACTS
The notice to bidders, published on January 4, stated that bids were to be opened on January 24, 1985. The bidding requirements furnished by the police jury did not mention the statutory preference to be given responsible Louisiana resident contractors. The police jury obviously was not aware of the statute. The bidding requirements clearly provided, in Art. 7, that in case of a discrepancy between words and figures in a bid, the words would control.
On January 24 the police jury opened three bids:
Waste Control, Inc. $4.52 average unit price*
American Waste $4.62 average unit price*
Browning Ferris $4.84 average unit price*
Bids were formally taken “under advisement” for recommendations to the police jury by the engineer hired by the police jury.
On February 14, the engineer’s recommendation was considered by the police jury and the police jury then formally referred the bids to the district attorney for his recommendation.
On February 28 the district attorney declined to recommend any bid and suggested that the police jury could either award the contract or reject all bids. The bid of Waste Control, Inc. was formally accepted, and the president of the police jury was authorized to contract with Waste Control. The contract was executed, becoming effective on March 8, and was filed on the parish records March 13. American *764 Waste’s action was instituted March 19, 1985.
Judgment was signed and appealed April 9. On June 6, 1985, this court ordered an expedited hearing on August 19, 1985.
ISSUES 1 and 2
The record establishes that Waste Control, Inc. is a Mississippi contractor and that American Waste is, and has been, since 1975, a Louisiana resident contractor. The engineer advised the jury at its meeting on February 14, 1985, that he considered American Waste a responsible bidder. We find American Waste to be a Louisiana resident contractor and Waste Control, Inc. to be a nonresident contractor within the meaning of §§ 2211 A(7)(a), 2225 A, quoted above.[1] The trial court did not, and in the light of the record, could not, find otherwise.
ISSUE 3
By the express language of the bidding instructions, American Waste’s written bid, when construed as a whole, binds American Waste to the average bid of $4.62 per unit for the five years of the proposed contract term. The average bid is the basis on which the contract was to be awarded and prevails over the bid for each year. The bid proposal form provides:
The five year average rate shall be the sum of Item 1, A-E divided by five and extended on the appropriate, line. The Owner shall have the option of paying the Contractor the average price or the yearly price. Such choice shall be exercised at the beginning of the contract.
Words control figures according to express and unambiguous language of the bidding instructions:
ARTICLE 7 — PRICES
In the event of a discrepancy between the prices quoted in words and those quoted in figures in the proposal, the words shall control....
ISSUE 4
Issue 4 is the most troublesome issue because the police jury, apparently oblivious to the statutory preference requirement, was not informed until after the contract had been given to Waste Control that American Waste should be entitled to the preference. We recognize the predicament of the public body in such circumstances and the logic of appellees’ argument that a Louisiana resident contractor, should somehow inform or notify the public body that he or it meets the definition of the statute and is entitled to the statutory preference.
The legislature, however, has not made such notice a prerequisite to applying the statute. Instead of saying preference may be given, the legislature has unequivocally said preference shall be given Louisiana resident contractors over nonresident contractors, and that, if competitive bidding is required (as it was here), the contract must be awarded to the Louisiana resident contractor making the lowest responsible bid if that bid is not more than five percent higher than the lowest responsible nonresident bid. § 2225(A).
The statute is addressed to the public entity and not to contractors who submit bids to the public entity. The statute does not require the bidder to claim or to assert the preference, but requires that the public entity shall give preference to Louisiana resident contractors as directed. The statute requires that the public contract must be given to the Louisiana resident contractor who comes within the statutory provisions. We cannot say, under any guise of statutory construction, that this mandate is beyond the legislative prerogative. The statute is express and unambiguous, notwithstanding that it may not be the most practical or most logical method to implement declared legislative policy. In any event we construe the statutory policy, without dubiety, to be that the public entity shall recognize and apply the *765 preference when the circumstances require. We also note that any contract entered into contrary to the Public Bid Law is null and void. LRS 38:2220(A); See CC Art. 11; Davis v. Franklin Parish School Bd., 412 So.2d 1131 (La.App.2d Cir.1982), writ denied.
ISSUE 5
If the contract is financed in whole or in part by the federal government, the preference of § 2225(A) does not apply. Although the trial judge made no finding concerning the necessity for federal funding, the record shows that the police jury has used some revenue sharing funds in the past to partly and indirectly finance the cost of waste disposal.
Appellees argue that since the public bodies are in financial straits, some federal funds may again be used to finance this contract in part and that the statute should not be applied. We must disagree.
Federal funds that the city might use are not earmarked for any particular purpose. They are general funds which the city may use at its limited discretion. In order for a contract to be financed in whole or in part with the federal funds, so as to preclude the preference, the contract should contemplate that federal funding will be earmarked and used for the contract. Otherwise, the contracting public body could decide at its whim to avoid the preference statute in one situation and not in another without regard to the policy of the statute.
ISSUE 6
We hold that awarding the contract to Waste Control, Inc. violated 38:2225(A) of the Public Bid Law and rendered the contract null and void. It is proper for us to direct that a preliminary injunction issue to compel compliance with the public bid law. Haughton Elevator Division v. State, etc., 367 So.2d 1161 (La.1979).
DECREE
For the reasons stated, the judgment of the trial court denying plaintiff’s petition for a preliminary injunction is REVERSED. We remand the case to the district court with directions that it issue a preliminary injunction enjoining the award of the residential waste contract to Waste Control, Inc. and directing that it be awarded to only the lowest responsible bidder after the preference has been applied. Because we direct only the preliminary relief, the case is remanded for further proceedings in the trial court. Costs are assessed to Waste Control, Inc.
REVERSED AND REMANDED with directions.
Before HALL, C.J., and MARVIN, JASPER E. JONES, NORRIS and LINDSAY, JJ.

 In each bid the average unit price was written in words and figures.

. Testimony at trial revealed that appellant has operated a permanent facility with no change of ownership for over two years. Also, an exhibit was introduced which shows that appellant has had a Louisiana contractor’s license since 1975.