Dear Mr. Allain:
You have requested an opinion of the Attorney General on behalf of the City of Jeanerette (City). You state that in the aftermath of Hurricane Andrew, Mayor Darryl Landry entered into three contracts for the purpose of restoring public services to the City.
The first contract engaged the services of a local electrician for the restoration of power to sewer and water facilities, as well as the City Hall and police headquarters. The City was without electrical power for five days after the storm. It took several days to connect emergency power to restore the services necessary to operate the City. The other two contracts enlisted the services of owners of heavy equipment to clean debris, trees, and other materials from City streets and sidewalks to facilitate the use of same by the public. All three contracts stipulated payment on an hourly basis for the services rendered.
You further state that the Mayor did not call a special meeting of the Board of Aldermen (Board) for the purpose of declaring an emergency as provided by LSA-R.S. 38:2212(D) of the Public Bid Law. Nevertheless, the contracts were presented to the Board at its next meeting on September 24, 1992. The Board ratified the Mayor's actions and approved payment on all three contracts. The contract for the electrician's services totalled $7,000.00. The heavy equipment operators' services were $25,000.00 and $6,000.00 respectively.
You state that there is no question about the services having been performed. However, before payment of the contractual amounts, you are requesting our opinion as to whether the ratification by the Board of the Mayor's actions in contracting for the services is valid. LSA-R.S. 38:2211, et seq., constitutes the state's Public Bid Law. Section 2212(A) requires that all public works, including labor and materials, and all purchases of materials and supplies, which exceed the respective dollar amounts provided by law, to be paid out of public funds by a public entity must be let by contract to the lowest responsible bidder. The definition of "Public entity" contained in Section 2211(10) includes the City.
However, from the information you have furnished us, we must conclude that the three contracts, in question, do not constitute contracts for public works or the purchases of materials and supplies, as those terms have been interpreted by the Louisiana Supreme Court. See Wallace Stevens, Inc., v. Lafourche Parish Hospital Service District No. 3., 323 So.2d 794
(La. 1975), American Waste and Pollution Control Co. v. Madison Parish Police Jury et al., 488 So.2d 940 (La. 1986) Rehearing Denied, and Browning Farris, Inc., v. City of Monroe et al.,465 So.2d 882 (La.App. 2nd Cir. 1985) Writ Denied. Rather, all three constitute contracts for services which are not subject to the state's Public Bid Law and it's requirements of advertising and receipt of bids.
We further conclude that the actions of the Mayor, as subsequently ratified by the Board, appear to be reasonable under the chaotic circumstances brought about by Hurricane Andrew. In reaching our conclusions, we must assume that the amounts to be paid under each contract are reasonably competitive and that the three contractors hold no special status or relationship to the Mayor or the Board which would otherwise prohibit the transactions.
Trusting this to be of sufficient information, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:cdw-0020R