Dear Dr. Savoie:
You requested an opinion of this office concerning the jurisdiction of the Board of Regents ("Board") over schools receiving contractual payments from state agencies made out of public funds. Proprietary schools, as defined in La. R.S.17:3141.2(5),[1] are placed under the regulatory authority of the Board. Under La. R.S. 17:3141.2(5)(a), "a school or educational institution supported entirely or partly by public funds from either a local or state source" is not a "proprietary school," and is thus exempt from the Board's jurisdiction. You ask whether the above exemption would apply to a school otherwise meeting the statutory definition of "proprietary school" if no monies are directly appropriated by the state or local government to the school, but the school receives contractual payments from a state agency for services rendered to individuals or businesses out of funds appropriated to the agency. In other words, the schools that your request concerns are private schools which indirectly receive public funds from a state agency for services provided under contracts with the agency, and which would meet the definition of a "proprietary school" absent a specific exemption.
There are no statutory definitions or jurisprudential guidelines that help determine the scope of "schools supported by public funds." The scope of the applicability of the term "supported entirely or partly by public funds" should therefore be resolved using well-established principles of statutory construction, which require consideration of the legislative intent, context, prevailing meaning of the words used, and other law on the same subject matter.[2] Furthermore, where exceptions to a general rule are involved, it is "a well settled principle of statutory construction that exceptions to a general rule are narrowly constructed." Wartelle v. Women's andChildren's Hosp., Inc., 97-0744 (La. 12/2/97), 704 So.2d 778,784. "A statute limiting the application of a general rule is an exception that must be strictly construed in order to give full effect to the legislative intent of the general rule." AmericanWaste and Pollution Control Co. v. Madison Parish Police Jury,488 So.2d 940, 944 (La. 1986).
Chapter 24-A of Title 17 of Louisiana Revised Statutes (La. R.S. 17:3141 et seq., titled "Proprietary Schools"), governs the regulation of proprietary schools. La. R.S. 17:3141.1
clarifies that the chapter is "enacted in the exercise of the police powers of the state, to promote the public health, safety and welfare by safeguarding the people and legitimate proprietary schools of this state against incompetent, dishonest or unprincipled trade, technical and business schools of various kinds and operators, owners and/or solicitors thereof." The legislative intent underlying Chapter 24-A is thus one of ensuring adequate and appropriate regulation of proprietary schools. We must interpret the exemption from regulation for schools "supported entirely or partly by public funds" restrictively, so as to give full effect to this clear legislative intent. Under a restrictive interpretation, the exemption would only extend to schools primarily supported by public funds through direct appropriations by the local or state government, and not to schools that indirectly receive public funds through contract payments from state agencies.
Subsection 3141.2(5)(i), which exempts "[a] school which is regulated and licensed under the laws of this state" from the definition of "proprietary schools," reinforces the legislative intent to ensure regulation of all schools otherwise meeting the definition in Subsection 3141.2(5), absent a clear exemption. A broad reading of the exception at issue would result in exempting schools that may not otherwise be regulated, based on any benefit at all derived from public funds, no matter how indirect or incidental. Such schools would be left entirely unregulated under a broad interpretation, thus defeating the clear legislative purpose of ensuring proper regulation. To preserve that intent, the exception should be read restrictively.
Such a restrictive interpretation is also consistent with the "well settled principle of statutory construction that exceptions to a general rule are narrowly constructed." SeeWartelle, supra. As Subsection 3141.2(5)(a) is an exception to the scheme of placing all schools otherwise meeting the definition of a "proprietary school" under regulation, it must be construed narrowly.[3]
In addition, the legislature's use of the words "supported wholly or in part with public funds" seems to refer to direct support from public funds, when compared with the use of other expressions, such as "receiving public funds," indicating indirect or incidental benefit in other contexts. See for example La. R.S. 17:1945, which subjects "[l]ocal educational agencies, state or nonpublic agencies, or schools receiving public funds
participating in the delivery of special education services" to certain obligations.[4] The legislature's choice of the term "supported [. . .] by public funds" in the statutory exception to the definition of a "proprietary school" in Section 3141.2(5)(a) is significant, given the alternative selection of terms suggesting less direct means of benefit from public funds in these other statutes. Presumably, the legislature could have exempted schools "receiving public funds" from regulation, but opted for a narrower exception.
Compared to these other expressions such as "receiving public funds," the legislature appears to have used "supported wholly or in part with public funds" to refer to public schools. For instance, La. R.S. 17:414 requires that "[b]efore receiving any remuneration for services rendered, every teacher of anyschool supported wholly or in part with public funds must have been fully qualified to teach in the public schools of Louisiana and have been employed by the school authority authorized to employ teachers." [Emphasis added.] Section 414 is contained in Part I (titled "General Provisions") of Chapter II ("Teachers and Employees") of Title 17. The other sections of Part I suggest that "any school supported wholly or in part with public funds" refers to the public schools. For instance, Section 414.1 applies to "public elementary and secondary school principals." Section 414.2 contains limitations on members, employees, and staff of "a parish or city school board" with regard to grade changes. Sections 419 through 427 concern the compensation, retirement and other benefits of teachers and other employees of public schools in Louisiana. The structure of Part I of Chapter II thus indicates that "any school supported wholly or in part with public funds" as used in La. R.S. 17:414 refers to public schools, and not schools that may receive incidental support from public funds.
We also note that historically, a term substantially similar to the one at issue here has been interpreted by the legislature as referring to public schools and schools that are directly guaranteed funds by the state or local government. Section 1 of Article XII of the Constitution of 1921, as amended in 1944, read: "The educational system of the State shall consist of all public schools, and all institutions of learning, supported in whole or in part by appropriation of public funds." The official comments to this provision in the 1954 Project states: "To avoid confusion as to which schools are included, the definition of the educational system of the state is appropriate in discussing public education. This is especially important in connection with endowed schools to which the state, parish, or municipality contributes. An example of this is the Delgado Trade School, for which the present constitution guarantees $50,000 annually."[5]
Based on the above analysis, it is the opinion of this office that La. R.S. 17:3141.2(5)(a) only exempts those schools that derive direct and significant support from public funds (such as through direct appropriation) from the definition of "proprietary school," and not schools that derive indirect benefit from public funds, such as through contractual payments from governmental agencies. This opinion is limited to the exemption in La. R.S. 17:3141.2(5)(a), and does not address the status of private schools that contract with governmental agencies under other state laws, such as the Public Records Act.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
With best regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: UMA M. SUBRAMANIAN Assistant Attorney General
[1] A "proprietary school" is defined in La. R.S. 17:3141.2(5) as a "business enterprise operated for a profit or on a nonprofit basis which maintains a place of business within this state, or which sells or offers for sale any course of instruction in this state, either by correspondence using the mails or by any other means of communication, or by personal solicitation, and which offers or maintains a course or courses of instruction or study, or at which place of business such a course or courses of instruction or study is available through classroom or internet instruction, or both, to a person or persons for the purpose of training or preparing such person for a field of endeavor in a business, trade, technical, or industrial occupation, except as hereinafter excluded."
[2] When the language in the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. Civ. Code art. 10. The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter. La. Civ. Code art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. Civ. Code art. 12. Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning. La. R.S. 1:3. See David v. Our Lady of the Lake Hosp.,Inc., 02-2675 (La. 7/2/03), 849 So.2d 38, 46-47; Succession ofBoyter, 99-0761 (La. 1/7/00), 756 So.2d 1122, 1128-1129.
[3] Consistent with interpreting statutory terms in view of the meaning of the words used, the context, the surrounding words and provisions, and the legislative intent, we acknowledge that the same term "supported by public funds" may need to be interpreted more broadly, if the legislative intent, meaning of the words, the context, and the surrounding words and provisions warrant a broader interpretation. The interpretation we arrive at in this opinion is therefore specific to the use of the term "supported by public funds" in this statute.
[4] The quoted portion of La. R.S. 17:1945 identifies the entities to which the obligations to administer an Individual Education Program apply. To ensure that the obligations apply to all schools delivering special education services and receiving any financial benefit from public funds, direct or indirect, substantial or otherwise, the legislature has used the broad classification "school receiving public funds."
[5] See "Project of a Constitution for the State of Louisiana with Notes and Studies," 1954, Volume III, p. 419-420.