PONDER, Judge.
Plaintiffs appealed the trial court’s denial of a declaratory judgment that the proposed action of defendant in reroofing some of its buildings was violative of the public bid law.
The issue is whether the reroofing comes within the exceptions of the public bid law allowing governmental bodies to maintain public works built and completed and to construct public property “not to include construction of buildings or other major projects.”
We affirm.
Defendants planned to reroof several school buildings. Plaintiffs and other contractors entered bids that were rejected as too high by defendant, which decided to have its own maintenance employees do the work. Plaintiffs filed suit for a judgment declaring the reroofing project to be public work, new construction or major project, and therefore to be let by public bid. LSA-R.S. 38:2211 et seq.
Defendants assert first that the work is maintenance within the meaning of LSA-R.S. 38:2212 (D), that reads, in part:
“In addition, this Section shall not apply for labor necessary and used in the maintenance of. public works built and completed.”
*152 Unfortunately, the term maintenance is not defined in the public bid law. Appellants contend that the replacement of roofs should be classified as beyond maintenance and more nearly new construction. We do not agree.
Replace is defined by Webster’s International Dictionary, in part, as “to place again; to restore to a former place, position, condition, . . . .” Maintain is defined, in part, by the same source as “. . .to hold or keep in any particular state or condition, esp. in a state of efficiency or validity; to support, sustain or uphold; to keep up; not to suffer to fail or decline as to maintain in a certain degree of heat in a furnace, maintain a fence, health, peace, one’s reputation . . . .”
We do not recognize enough semantic difference in the terms to require that a placement of a roof be new construction and not maintenance. By reductio ad ab-surdum the reasoning would lead to the conclusion that the replacement of a single roof tile would be construction.
Defendant also claims the project is exempted from the necessity of letting by public bid because of LSA-R.S. 38:2212(E), which states:
“E. The provisions of this Section shall not prevent municipalities or other public bodies from using their own regular maintenance employees for labor necessary in construction or extension of municipally owned and operated public utilities or other public property, however, not to include construction of buildings or other major projects.”
There is no definition of new construction or major project in the act; but we find under the circumstances of this case the project does not constitute either. The nature of the work, reroofing, leads logically to the conclusion that it is not new construction. The size of the school board’s budget as compared with the cost of the project leads to the conclusion that the work is not a major project. See Assoc. General Contractors of America et al. v. Police Jury of Pointe Coupee Parish et al., 225 So.2d 300 (1st Cir. 1969).
The fact that the school board had let all previous roofing jobs by public bid is inconclusive. The board only recently approved the expansion of its maintenance crew to provide positions and equipment for roofers.
If the work otherwise came within the terms of the statute, a letting by public bid would be required if defendant elected not to do the work itself. If the work comes within the exception defendant may do the work with its own forces despite the previous letting of bids.
The well reasoned judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.