Dear Mr. Garrett:
You have requested the opinion of this office on the following issue:
 Is the Ouachita Parish School Board (the Board) required by the Louisiana Public Bid Law to solicit public bids for the cost of labor to remove and replace air conditioning fan coil units in school classrooms.
As background for this issue, you have provided the following information regarding this air conditioning work:
 1. During November, 1999, the Board sought bids and purchased classroom fan coil units. The term of the contract was one year. The Board purchased large quantities of these units and stored them in their warehouse. This has allowed the Board to avoid problems associated with long delays of product arrival from the factory and given our maintenance department immediate access to fan units as the existing units need replacing. Before the Board bid the fan coil units they were being purchased individually on an as needed basis with a delivery delay of 10 to 12 weeks.
 2. The question has arisen concerning the cost of labor by a third party for removing and installing a large quantity of horizontal fan coil units in our classrooms during the 12 weeks school is out for the summer. The school has approximately 150 of these units which must be replaced. In order for the Board to accomplish this work, the removal and installation will have to be performed by a local air conditioning contractor who is licensed by the state for such services. The Board has only 2 air conditioning maintenance employees, who cannot physically install the 150 units in this period of time. Therefore, we must contract out the labor to remove and install the units. The labor cost for removing the existing classroom fan coil units and installing new fan coil units supplied by the Board will cost $700 per unit.
 The cost for the fan coil unit itself is $499 each under our publicly bid contract.
There are several relevant provisions of the Public Bid Law, and which are applicable will depend upon the characterization of the work to be done. R.S. 38:2212.1 requires that purchases of materials and supplies such as the fan coil units be purchased by public bid if the aggregate cost for those units is $15,000 or more. You indicate that the fan coil units have been purchased pursuant to a publicly bid contract, so that requirement of the law has been complied with.
R.S. 38:2212 I(1) provides, "This Section shall not apply to labor necessary for the maintenance of public works built and completed." This would seem to be applicable to the issue which you present since the replacement of failing fan coil units is clearly in the nature of maintenance of the air conditioning system of the various schools owned by the Board. The requirement for bidding of public works arises in the same Section of the statute which exempts "labor necessary for the maintenance of public works built and completed", effectively exempting such maintenance from the bidding requirement, even if it is characterized as "public works". In the one instance where the issue of distinguishing maintenance from public works has been litigated in our state, the court found that the replacement of a roof on a school building constituted maintenance rather than a public work. Baton RougeRoofing and Sheetmetal Contractors, Inc., et al v. East Baton RougeParish School Board et al, No 12908, 380 So.2d 151 (La.App. 1st Cir, 1979). Clearly, if the replacement of the entire roof on a building is considered as maintenance, then the replacement of a single component of the air conditioning system for a single classroom would be maintenance as well.
Also significant is the jurisprudence which has held that the Public Bid Law is applicable to contracts for public works and for the purchase of materials and supplies, but not to contracts for services. SeeWallace Stevens, Inc. v. Lafourche Hospital, 323 So.2d 794 (La. 1975);Lafourche Parish Water District v. Carl Heck Engineers, 346 So.2d 769
(La.App. 2d Cir., 1977); and BFI v. City of Monroe, 465 So.2d 882
(La.App. 2d Cir., 1985). Given these holdings, a contract for the service of installing equipment would not require public bidding.
More problematic, however, is R.S. 38:2212 H, which provides:
 Under no circumstances shall there be a division or separation of any public work project into smaller projects which division or separation would have the effect of avoiding the requirement that public work be advertised and let by contract to the lowest responsible bidder as provided in this Section.
Pursuant to the jurisprudence and other statutory provisions discussed above, the Board's proposal to contract without bids for the installation only of fan coil units (which have been procured by the Board by public bid) would clearly be sanctioned. While paragraph H, above, suggests another possible barrier, for several reasons we do not feel that it precludes the Board's proposed contractual arrangement. First, the EastBaton Rouge Parish School Board case cited above holds that the contemplated work is maintenance rather than a public work. Second, the proposed contract is for a service (labor only) rather than a public work and the three cases cited above stand for the proposition that services are not required to be bid. Third, the division of the publicly bid purchase of the fan coil units from contracts for installation of those units is dictated by business concerns rather than by a motivation to avoid the Public Bid Law. Among these concerns are the need for timely supply of parts which often have lengthy delivery delays, the unknown incidence of need for random replacements which can be done on a small scale by Board maintenance personnel, and by the crucial nature in these times of air conditioning to the smooth functioning of a school.
For these reasons it is our opinion that contracts for the service of installing the described equipment need not be bid. However, there is no reason such work cannot be bid if the Board finds that such process does not interfere with the timely provision of this service. I trust that this answers your inquiry. Please advise if we may be of any further assistance to you in this matter.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/dam
 Date Received: Date Released: February 8, 2001
 Glenn R. Ducote Assistant Attorney General